(79 App. Div. 100.)

### ROMER v. KENSICO CEMETERY.

(Supreme Court, Appellate Division, Second Department. January 30, 1903.)

1. BILL OF PARTICULARS—DELAY IN SERVICE—ORDER PERMITTING SERVICE—DISCRETION OF COURT—REVIEW.

Order permitting service of further bill of particulars by plaintiff, as required by a former order, will not be disturbed, though there has been great laches on plaintiff's part in serving same, where plaintiff claimed meanwhile to have been negotiating with a former attorney of defendants for a settlement, and defendant had made no very determined effort to bring the action to trial.

2. BOOKS AND PAPERS—COMPELLING PRODUCTION.

A party cannot be compelled to produce books and papers for examination by the adverse party except in the mode prescribed in Code Civ. Proc. c. 8, art. 4.

Appeal from special term, Westchester county.

Action by William Romer against the Kensico Cemetery. From an order permitting plaintiff to serve a further bill of particulars, defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas D. Husted, for appellant.
William Romer, for respondent.

WILLARD BARTLETT, J. This action, which is brought to recover compensation for professional services alleged to have been rendered by the plaintiff to the defendant as an attorney at law, was commenced on the 26th day of November, 1895. In December of that year an order was made at special term directing the plaintiff to serve a further bill of particulars of his account for services and disbursements referred to in the complaint. Plaintiff's time for compliance with this order was extended by order and various stipulations until September 7, 1896, when the defendant's attorney refused

to grant any further extension. No other step appears to have been taken in the action until the year 1900, when the plaintiff appears to have prepared an amended bill of particulars, and asked the defendant's attorney to accept it. This request was refused, and finally, in 1902, the plaintiff made an application to the court, which resulted in the order appealed from. This order permits the plaintiff to serve a further bill of particulars upon the defendant's attorney forthwith, gives the defendant 10 days from the service of the order within which to serve an amended answer, and provides that the plaintiff may have leave "to examine and copy any receipts defendant may have of plaintiff's in relation to the subject matter of this action." The plaintiff's excuse for the extreme laches herein, as appears from his various affidavits contained in the appeal book, is the expectation, based upon negotiations with the former attorney for the defendant, that a settlement would be effected, although the present attorney for the defendant denies that any such negotiations had been carried on with him. It is apparent that the representatives of the defendant made no very determined effort to bring the action to trial, and we are not disposed to interfere with the exercise of discretion by the learned court at special term so far as that portion of the order is concerned which permits the service of the plaintiff's amended bill of particulars forthwith. It was manifestly proper to accompany this permission with a provision giving the defendant time within which to serve an amended answer if so advised. That part of the order, however, which allows the plaintiff an inspection of papers in the hands of the defendant must be reversed. A party cannot be compelled to produce books or papers for the examination and inspection of the adverse party before trial except in the mode prescribed in article 4 of chapter 8 of the Code of Civil Procedure. Dick v. Phillips, 41 Hun, 603. The plaintiff has not complied in any respect with the requirements of the Code in regard to the discovery of books and papers, and for this reason that portion of the order under review cannot stand.

Order modified by striking out the provision granting leave to the plaintiff to examine and copy the receipts in possession of the defendant, and, as thus modified, affirmed, without costs of this appeal to either party. All concur.