### BRUEN v. WHITMAN CO.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. WITNESS—EXAMINATION BEFORE TRIAL—SCOPE OF ORDER.

In an action for breach of a contract, whereby defendant corporation agreed to give plaintiff a preference in executing its printing in competition with other printers, an order for an examination, before trial, of an officer of defendant, properly required him to disclose the names of persons to whom the corporation wrongfully gave work and the quantity of work given to each, but it was not proper for it to require a disclosure of the prices at which the work so given was done.

2. SAME—PRODUCTION OF DOCUMENTS.

A corporation should not be required to produce its books, upon the examination of one of its officers before trial, for the inspection of the adverse party, but only to enable the witness to refresh his recollection, and not then unless he requires their assistance in order to testify concerning the matters in regard to which he is to be examined.

Appeal from Special Term, Kings County.

Action by Edwin C. Bruen against the Whitman Company. From an order denying a motion to vacate an order for the examination, before trial, of defendant's vice president and treasurer, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Algernon S. Norton, for appellant.

G. Murray Hulbert (Henry A. Brann, on the brief), for respondent.

WILLARD BARTLETT, J. This action is brought by a printer to recover damages for the breach of a contract whereby the defendant corporation agreed to give him a preference, in executing its printing for advertising purposes, in competition with other first-class printers. The papers upon which he has obtained an order for the examination of the defendant's vice president and treasurer before trial make out a fair case for the examination of that officer as to some of the matters specified in the order, to enable the plaintiff to prove the damages which he has sustained; but the order goes too far in certain respects. While it seems to us proper that the de-

fendant should be required to disclose the names of those persons or concerns to whom it gave work of the character referred to in the contract, and the quantity of such work given to each, we see no propriety or occasion for a disclosure of the prices at which such work was done. A knowledge of such prices is not essential or material to prove the loss sustained by the plaintiff, assuming his theory as to the proper measure of damages to be correct.

The direction in the order for the production of the defendant's books was virtually amended upon the motion to vacate, so as to provide that the books should be produced only for the purpose of refreshing the recollection of the vice president and treasurer, who is to be examined. This amendment obviates the objection which would otherwise arise under the authority of Romer v. Kensico Cemetery, 79 App. Div. 100, 80 N. Y. Supp. 38, and the amended provision seems warranted by the decision in the Matter of Sands, 98 App. Div. 149, 90 N. Y. Supp. 749. Nevertheless, a corporation ought not to be required to produce its books, upon the examination of one of its officers before trial, to enable him to refresh his memory therefrom while on the stand, unless he requires their assistance in order to testify concerning the matters in regard to which he is to be examined.

The motion to vacate the order of examination should not have been wholly denied with costs. The court at Special Term should have modified the order, without costs, (1) by striking out the requirement that the witness be examined as to the prices already mentioned, and (2) by inserting a provision that the books shall be produced, not for the inspection of the adverse party, but only for the use of the witness, upon the examination, in case he shall need their assistance to refresh his memory. The order appealed from must be reversed, and the motion granted to the extent of thus modifying the order of examination.

Order reversed, with $10 costs and disbursements, and motion granted, without costs. All concur.