In the Matter of a Proposal or Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as Nos. 10 to 16 Division Street, Borough of Manhattan, City, County and State of New York, Securing Mortgage Investments Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY and Designated as Guarantee No. 212,007.

In the Matter of the Application of NATHAN P. MEYER, on Behalf of Himself and All Other Trustees Similarly Situated for an Order Directing the MORTGAGE COMMISSION to Repay Certain Moneys. (Motion No. 1.)

Supreme Court, Additional Special Term, New York County, March 3, 1939.

*Nathan L. Samuelson,* for the trustee.

*Maurice Finkelstein* [*Daniel A. Dorsey, Louis Timberg* and *Rubin Mazel* with him on the brief], for the State Mortgage Commission.

FRANKENTHALER, J. To the extent that this motion seeks to compel the filing of certain amendatory resolutions and "transactions," it is denied. The filing of the original resolutions was voluntary on the part of respondent, and was not required by law or otherwise.

In so far as a discovery and inspection is sought, the motion is likewise denied, it appearing from the answering affidavits that the alleged documents whose discovery and inspection is desired do not exist.

There remains for consideration petitioner's application for an examination before trial. In so far as the examination is sought in aid of the relief asked for in the petition *in connection with certificated issues other than those for which petitioner is trustee*, the examination is neither material nor necessary, since petitioner may not bring a representative proceeding on behalf of the trustees of other issues. (See *Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230; *Marsh* v. *Kaye*, 168 id. 196; *Bouton* v. *Van Buren*, 229 id. 17.) The claim, if any, possessed by the trustee of any issue is separate and distinct from similar claims belonging to the trustees of other issues.

Nor is the examination material and necessary for the purpose of establishing petitioner's claim for a reduction *in his own issue*, since respondent concedes that petitioner is entitled to such reduction. There are, it is true, differences between petitioner and respondent in regard to the mathematical correctness of respondent's computations and also as to the proper amount of certain charges with which respondent credits itself for items unrelated to the reduction sought by petitioner. The proposed examination, however, does not relate to these differences but rather to petitioner's right to a reduction in the reorganization administration charge, *which respondent offers to allow.*

It follows that the examination applied for is neither material nor necessary. Under the circumstances there is no occasion for determining the question of law raised by respondent as to whether it may lawfully be examined before trial in any case.

The motion is denied.

(Reargument, May 11, 1939.)

FRANKENTHALER, J. The examination before trial was sought in aid of the pending application of petitioner for an order " directing the Mortgage Commission of the State of New York to forthwith pay over a sum sufficient to reduce the administrative reorganization charge deducted by the Commission on the closing of title in this issue by 11.5% together with interest from the date of closing of title." (Petitioner's Notice of Motion, dated Oct. 25, 1938.) The said application did not seek relief in respect of the servicing rates adopted by the Mortgage Commission in the case of petitioner's issue but was restricted solely to the proper amount of the reorganization charge. This was pointed out in the answering affidavit of

Daniel Dorsey, sworn to December 8, 1938, submitted in opposition to the application and made part (by reference) of the papers opposing the examination before trial. Since the pending proceeding in aid of which the examination before trial was applied for did not seek a revision of the servicing rates adopted by the Mortgage Commission and was confined only to obtaining a reduction of eleven and five-tenths per cent of the reorganization charge, which respondent conceded and was willing to allow petitioner, the application for an examination before trial, in so far as it related to petitioner's issue, was denied. No reason is perceived for altering that determination. The court is in accord with the Mortgage Commission's criticism of the moving affidavit, and said moving affidavit is accordingly ordered expunged. The motion for reargument is granted, but upon such reargument the original disposition is adhered to.