In the Matter of a Proposal or Plan by MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Mortgage Covering Premises Known as Nos. 10 to 16 Division Street, Borough of Manhattan, City, County and State of New York, Securing Mortgage Investments Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY and Designated as Guarantee No. 212,007.

In the Matter of the Application of NATHAN P. MEYER, on Behalf of Himself and All Other Trustees Similarly Situated for an Order Directing the MORTGAGE COMMISSION to Repay Certain Moneys. (Motion No. 2.)

Supreme Court, Additional Special Term, New York County, May 25, 1939.

*Nathan L. Samuelson*, for the trustee.

*Maurice Finkelstein* [*Daniel A. Dorsey, Louis Timberg* and *Rubin Mazel* with him on the brief], for the State Mortgage Commission.

FRANKENTHALER, J.   To the extent that relief is sought in connection with mortgage issues other than that for which petitioner is trustee, the application is denied.   As this court pointed out in denying the motion for an examination before trial in this very matter, petitioner may not bring a representative proceeding on behalf of trustees of other issues (*Matter of Bond & Mortg. Guar. Co.* [*10-16 Division St.*], *No. 1*, 172 Misc. 637).

The only relief sought in connection with the issue of which petitioner is trustee is that the Mortgage Commission be directed to pay over a sum sufficient to reduce by eleven and five-tenths per cent the reorganization charge deducted by the Commission. The answering papers state that petitioner has already been given the benefit of the deduction of eleven and five-tenths per cent of the reorganization charge.   Respondent points out that by reason of *other* charges made against petitioner's issue, *which have no relation to the reorganization charge*, the balance due to petitioner is only fourteen dollars and forty-two cents, which respondent is ready to turn over.   Petitioner declines to litigate in the present proceeding the validity of the deductions made by respondent for services unconnected with the reorganization charge.   Thus, the petition reads: " In making this application, I reserve my rights to attack and challenge each and every charge of the Commission including the reorganization charge as reduced by the repayment of the sum converted.   This application is not to be construed in any manner as an admission to any extent of the correctness of any charge made by the Commission on the closing of title herein."   As the petition is, therefore, based solely upon the theory that petitioner is entitled to a deduction of eleven and five-tenths per cent of the reorganization charge and as petitioner has already been given the benefit of this deduction, the motion is granted only to the extent of directing the payment to petitioner of fourteen dollars and forty-two cents, which respondent admits to be due.   This disposition is without prejudice, however, to petitioner's right, if any, to recover additional sums on grounds other than the one upon which the present proceeding is based.