HYMAN MARK, as Committee of the Property of MAX LEVIN, an Incompetent, Appellant, v. MARY RIZZO, Respondent, et al., Defendants.

Fourth Department, November 16, 1955.

*Hyman Mark,* appellant in person.

*Robert P. Leacy* and *Michael J. Montesano* for respondent.

KIMBALL, J. In this action to foreclose a mortgage, the plaintiff appealed from an order to compel him to make discovery and inspection of certain records, pursuant to section 324 of the Civil Practice Act. An order was granted, reading in part as follows: " ORDERED, that the plaintiff herein permit the defendant Mary Rizzo to inspect, photograph or copy the record of bank deposits for the years 1950 and 1951, together with the original deposit statements upon the account at the Liberty Bank of Buffalo of Max Levin of whom plaintiff is now committee ". Section 324 does not authorize the order made. The plaintiff is not ordered to produce and discover but to permit the inspection by the defendant of certain records of the bank. The bank is not a party to the action and is, therefore, not subject to the provisions of section 324. The bank is not bound by the order. Discovery by a party under the section is necessarily limited to documents, articles or property in the possession of or under the control of the party to whom the order is directed. It appears from the petition for the order that it is the bank which is in possession of the records. The petition sets forth, on information and belief, that the plaintiff has control of the bank records. How such alleged control comes about does not appear. Section 324 also limits the discovery and inspection to documents or articles " relating to the merits of the action, or of the defense therein." We are not provided, by this record, with the pleadings in the action. The defendant in her petition states that her answer alleges " certain payments ". We are not informed as to the amounts claimed by her to have been paid nor the dates of the alleged payments nor in what manner the said payments were made. This court, as well as the Special Term, has no facts upon which it may

determine whether the record of bank deposits for the years 1950 and 1951 has any relation to the defendant's defense. We cannot say whether such records are competent, relevant, material or have any probative value.

The order should be reversed and the application denied.

All concur. Present—McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order reversed, with $10 costs and disbursements and motion denied, with $10 costs.