Donald S. Taylor, J.
The plaintiff moves pursuant to section 324 of the Civil Practice Act for discovery and inspection. The notice of motion contains 29 items, 22 of which are directed to the defendant, American Cyanimid Company, and the remainder to the defendant, Inter-County Farmer’s Co-operative Association Inc. The former does not oppose discovery and inspection of the papers and articles enumerated in items 1, 2, 3, 9 and 22. The motion is granted in respect to these.
*1048 The inspection of the documents referred to in items numbered 4, 5, 6, 7, 8 and 29 which is sought is entirely too broad in scope and should be confined to those which contain the representations and warranties of fitness by the defendants upon which the plaintiff alleges that he relied in purchasing the product. The reports sought to be discovered in item numbered 10 are subject to the same objection and the additional one that they are not evidence themselves and would be useful only in supplying clues whereby evidence might be produced. (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24.) The information sought in item numbered 11 involves the disclosure of a secret manufacturing formula. (N. D. Q. Specialty Corp. v. Cypress Novelty Corp., 250 App. Div. 881.) Moreover, the plaintiff has been afforded an opportunity to analyze the lot of vaccine from which that in question came. (Canter v. American Cyanimid Co., 5 A D 2d 513, mod. 6 A D 2d 847.) The conference between an employee of the manufacturer and a committee of the retailer and a talk allegedly given by another employee at a poultry farmer’s conference in New Hampshire at which it is implied admissions against the interest of their employer were made are stated by the defendants to have consisted merely of informal discussions of which no record was made. (Items 12, 15, 28.) In these circumstances it is demonstrated that the alleged documents whose discovery and inspection are desired do not exist. (See Goldstein v. Kaye, 2 A D 2d 889; Mark v. Rizzo, 286 App. Div. 610; Matter of Bond & Mtge. Guar. Co. [10-16 Division St.], 172 Misc. 637; Electrolux Corp. v. Lehigh Valley R. R. Co., 115 N. Y. S. 2d 876.) The proper procedure to obtain the information sought in item 13, if relevant at all to the issues raised by the pleadings, is by an examination before trial pursuant to the provisions of article 29 of the Civil Practice Act. (Gross v. Price, 2 A D 2d 707.) The provisions of section 324 of the Civil Practice Act are restricted to the discovery- and inspection “ of a book, document, or other paper, or * * * any article or property * * * relating to the merits of the action, or of the defense therein.” (Bencoe v. McDonnell, 210 App. Div. 123; Romer v. Kensico Cemetery, 79 App. Div. 100; Walsh v. Press Co., 48 App. Div. 333; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, supra.) The papers sought in items numbered 16 through 20 do not relate to the merits of the action. (Paliotto v. Hartman, 2 A D 2d 866.) Only invoices Avhich pertain to shipments of the vaccine sold to plaintiff have relevancy and these, it appears Avithout contradiction, have been heretofore furnished plaintiff. (Item 21.) The discovery and *1049 inspection sought in items numbered 14, 23, 24, 25, 26 and 27 are also improper for one or more of the reasons above stated.
Accordingly, the motion in respect of items 4, 5, 6, 7, 8, 10, 11, 12,13,14,15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28 and 29 is denied without prejudice to a proceeding instituted under article 29 of the Civil Practice Act or to a new application for discovery and inspection based upon a particularization of the documents or papers sought to be examined relating to the merits of the action. (Paliotto v. Hartman, supra.)
If the parties are unable to agree as to the time, place and officer before whom the discovery and inspection herein allowed will be conducted, settle order on notice of three days.
The moving papers will go forward with the signed order.